UNITED STATES DISCTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO.

DARA HAGOPIAN AND RANDALL HAGOPIAN,                          )
          Plaintiffs,                                      )
                                              )
V.                                                           )
                                              )
ROGER LEFEVRE, M.D., LINDSEY WINER, M.D.,                    )
SARAH LAMBETH, M.D., SANDRA MASON, M.D.,                     )
CATHERINE DIEFFENBACH, M.D., REBEKAH VILORIA, M.D.,          )
BETH ISRAEL DEACONESS MEDICAL CENTER, INC., FENWAY           )
COMMUNITY HEALTH CENTER, INC., AND UNITED STATES OF          )
AMERICA,                                                     )
          Defendants.                                      )

## **COMPLAINT**

    1.      The plaintiffs, Dara Hagopian and Randal Hagopian, at all times herein relevant, resided and continue to reside in Methuen, Essex County, Massachusetts.

    2.      Randall Hagopian is the husband of Dara Hagopian, who was a patient of the defendants from on or about July 29, 2017 through September 15, 2017 at the Beth Israel Deaconess Medical Center, Inc., Boston, Suffolk County, Massachusetts.

    3.      At all times relevant, the defendant, Roger Lefevre, M.D., had a principal place of business at Beth Israel Deaconess Medical Center, Inc. in Boston, Suffolk County, Massachusetts.

    4.      At all times herein relevant, the defendant, Roger Lefevre, M.D. represented and held himself out to the general public and to the Plaintiff, Dara Hagopian, in particular, as being a competent, qualified, skilled and knowledgeable physician, licensed to practice medicine in the

1

Commonwealth of Massachusetts, and in particular, represented that he was competent, qualified, skilled and knowledgeable to provide medical care and treatment to the Plaintiff, Dara Hagopian.

5. At all times herein relevant, the defendant, Roger Lefevre, M.D., had a legal duty to use the care and skill required of the average qualified physician practicing at the time and under the circumstances, with respect to the care and treatment of the Plaintiff, Dara Hagopian, who was his patient from on or about July 29, 2017 through July 30, 2017 and who received care and treatment from the defendant, Roger Lefevre, M.D., during this time period through his affiliation and practice of medicine at Beth Israel Deaconess Medical Center, Inc., Boston, Suffolk County, Massachusetts.

6. On July 29, 2017 the Plaintiff, Dara Hagopian, underwent a left salingo-oophoretomy with aspiration of a left ovarian cyst by the defendant, Roger Lefevre, M.D. during which iatrogenic laparoscopy injury to the bowel was caused.

7. The Plaintiff, Dara Hagopian, was discharged home from Beth Israel Deaconess Medical Center, Inc. on July 29, 2017 without mention of the occurrence of the iatrogenic laparoscopic injury to the bowel that had occurred during the procedure performed by defendant, Roger Lefevre. M.D.

8. On July 29, 2017, the Plaintiff, Dara Hagopian, was transferred to the Emergency Department of Beth Israel Deaconess Medical Center, Inc. from Lawrence General Hospital Emergency Department, Lawrence, Essex County, Massachusetts, where she had presented with complaints of severe abdominal pain post laparoscopic procedure.

9. The Plaintiff, Dara Hagopian, was thereafter admitted from the Emergency Department to the OB/GYN service at Beth Israel Deaconess Medical Center, Inc. under the care of the defendant, Roger Lefevre, M.D.

10.     At all times relevant, the defendant, Lindsey Winer, M.D., had a principal place of business at Beth Israel Deaconess Medical Center, Inc. in Boston, Suffolk County, Massachusetts.

11.     At all times herein relevant, the defendant, Lindsey Winer, M.D. represented and held herself out to the general public and to the Plaintiff, Dara Hagopian, in particular, as being a competent, qualified, skilled and knowledgeable physician, licensed to practice medicine in the Commonwealth of Massachusetts as a resident physician, and in particular, represented that she was competent, qualified, skilled and knowledgeable to provide medical care and treatment to the Plaintiff, Dara Hagopian.

12.     At all times herein relevant, the defendant, Lindsey Winer, M.D., had a legal duty to use the care and skill required of the average qualified physician practicing at the time and under the circumstances, with respect to the care and treatment of the Plaintiff, Dara Hagopian, who was her patient from on or about July 30, 2017 through August 2, 2017 and who received care and treatment from the defendant, Lindsey Winer, M.D., during this time period through her affiliation and practice of medicine at Beth Israel Deaconess Medical Center, Inc., Boston, Suffolk County, Massachusetts.

13.     At all times relevant, the defendant, Sarah Lambeth, M.D., had a principal place of business at Beth Israel Deaconess Medical Center, Inc., in Boston, Suffolk County, Massachusetts.

14.     At all times herein relevant, the defendant, Sarah Lambeth, M.D. represented and held herself out to the general public and to the Plaintiff, Dara Hagopian, in particular, as being a competent, qualified, skilled and knowledgeable resident physician, licensed to practice medicine in the Commonwealth of Massachusetts as a resident physician, and in particular, represented that she was competent, qualified, skilled and knowledgeable to provide medical care and treatment to the Plaintiff, Dara Hagopian.

3

15.     At all times herein relevant, the defendant, Sarah Lambeth, M.D., had a legal duty to use the care and skill required of the average qualified resident physician practicing at the time and under the circumstances, with respect to the care and treatment of the Plaintiff, Dara Hagopian, who was her patient from on or about July 31, 2017 through August 2, 2017 and who received care and treatment from the defendant, Sarah Lambeth, M.D., during this time period through her affiliation and practice of medicine at Beth Israel Deaconess Medical Center, Inc., Boston, Suffolk County, Massachusetts.

16.     At all times relevant, the defendant, Sandra Mason, M.D., had a principal place of business at Beth Israel Deaconess Medical Center, Inc., in Boston, Suffolk County, Massachusetts.

17.     At all times herein relevant, the defendant, Sandra Mason, M.D. represented and held herself out to the general public and to the Plaintiff, Dara Hagopian, in particular, as being a competent, qualified, skilled and knowledgeable physician, licensed to practice medicine in the Commonwealth of Massachusetts, and in particular, represented that she was competent, qualified, skilled and knowledgeable to provide medical care and treatment to the Plaintiff, Dara Hagopian.

18.     At all times herein relevant, the defendant, Sandra Mason, M.D., had a legal duty to use the care and skill required of the average qualified physician practicing at the time and under the circumstances, with respect to the care and treatment of the Plaintiff, Dara Hagopian, who was her patient from on or about August 1, 2017 through August 2, 2017 and who received care and treatment from the defendant, Sandra Mason, M.D., during this time period through her affiliation and practice of medicine at Beth Israel Deaconess Medical Center, Inc., Boston, Suffolk County, Massachusetts.

19.     At all times relevant, the defendant, Catherine Dieffenbach, M.D., had a principal place of business at Beth Israel Deaconess Medical Center, Inc., in Boston, Suffolk County,

4

Massachusetts.

20.     At all times herein relevant, the defendant, Catherine Dieffenbach, M.D. represented and held herself out to the general public and to the Plaintiff, Dara Hagopian, in particular, as being a competent, qualified, skilled and knowledgeable physician, licensed to practice medicine in the Commonwealth of Massachusetts as a resident physician, and in particular, represented that she was competent, qualified, skilled and knowledgeable to provide medical care and treatment to the Plaintiff, Dara Hagopian.

21.     At all times herein relevant, the defendant, Catherine Dieffenbach, M.D., had a legal duty to use the care and skill required of the average qualified resident physician practicing at the time and under the circumstances, with respect to the care and treatment of the Plaintiff, Dara Hagopian, who was her patient on August 2, 2017 and who received care and treatment from the defendant, Catherine Dieffenbach, M.D., during this time period through her affiliation and practice of medicine at Beth Israel Deaconess Medical Center, Inc., Boston, Suffolk County, Massachusetts.

22.     At all times relevant, the defendant, Rebekah Viloria, M.D., had a principal place of business at Fenway Community Health Center, Inc. and Beth Israel Deaconess Medical Center, Inc., in Boston, Suffolk County, Massachusetts.

23.     At all times herein relevant, the defendant, Rebekah Viloria, M.D. represented and held herself out to the general public and to the Plaintiff, Dara Hagopian, in particular, as being a competent, qualified, skilled and knowledgeable physician, licensed to practice medicine in the Commonwealth of Massachusetts, and in particular, represented that she was competent, qualified, skilled and knowledgeable to provide medical care and treatment to the Plaintiff, Dara Hagopian.

24.     At all times herein relevant, the defendant, Rebekah Viloria, M.D., had a legal duty

to use the care and skill required of the average qualified physician practicing at the time and under the circumstances, with respect to the care and treatment of the Plaintiff, Dara Hagopian, who was her patient on or about July 31, 2017 and who received care and treatment from the defendant, Rebekah Viloria, M.D., during this time period through her affiliation and practice of medicine at Beth Israel Deaconess Medical Center, Inc., Boston, Suffolk County, Massachusetts.

25.     The defendant, Beth Israel Deaconess Medical Center, Inc., is a corporation duly licensed under the laws of the Commonwealth of Massachusetts, and at all material times had a principal place of business located at 330 Brookline Avenue, Boston, Suffolk County, Massachusetts.

26.     At all material times, the professional corporation, Beth Israel Deaconess Medical Center, Inc., employed and was responsible for the negligent acts and/or omissions, under the legal doctrine of Respondeat Superior, of defendants, Roger Lefevre, M.D., Linsey Winer, M.D., Sara Lambeth, M.D., Sandra Mason, M.D., Catherine Dieffenbach, M.D. and Rebekah Viloria, M.D., who were acting within the scope of and during the course of their employment, when the corporate defendant, Beth Israel Deaconess Medical Center, Inc. owed a duty of care to the Plaintiff, Dara Hagopian.

27.     The defendant, Fenway Community Health Center, Inc., is a corporation duly licensed under the laws of the Commonwealth of Massachusetts, and at all material times had a principal place of business located at 1340 Boylston Street, Boston, Suffolk County, Massachusetts.

28.     At all material times hereto and as of July 31, 2017, the defendant, Rebekah Viloria, M.D., has claimed to be an agent, servant or employee of Fenway Community Health Center, Inc. acting during the course of and within the scope of her employment when she provided care and

treatment to the Plaintiff, Dara Hagopian, at Beth Israel Deaconess Medical Center, Inc.

29.    At all material times, the professional corporation, Fenway Community Health Center, Inc., has claimed they employed and are thus responsible for the negligent acts and/or omissions, under the legal doctrine of Respondeat Superior, of defendant, Rebekah Viloria, M.D., who was acting within the scope of and during the course of her employment, when the corporate defendant, Fenway Community Health Center, Inc. owed a duty of care to the Plaintiff, Dara Hagopian.

30.    At all times material hereto, the defendant, Fenway Community Health Center, Inc., has claimed to be a Federally supported Medical Center pursuant to the Federally Supported Health Centers Assistance Act of 1992. (Exhibit No. 1)

31.    Notice of an Administrative Tort Claims on behalf of Plaintiffs, Dara Hagopian and Randall Hagopian, pursuant to 28 U.S.C. §1346(b) for personal injuries as the result of negligent medical care and treatment provided to the Plaintiff, Dara Hagopian, at the Beth Israel Deaconess Medical Center during the period July 29, 2017 through August 2, 2017, were filed on July 24, 2019. (Exhibit Nos. 2 and 3)

32.    Notice of Final Determination, pursuant to 28 U.S.C. §2401(b), of the Plaintiffs' Administrative Tort Claims, was made on December 18, 2019, denying relief for said claims. (Exhibit No. 4)


## COUNT I.  DARA HAGOPIAN V. ROGER LEFEVRE, M.D. NEGLIGENCE

33.    The plaintiff, Dara Hagopian, hereby restates and incorporates by reference Paragraphs 1 through 32 of this Complaint.

34.     On or about July 29, 2017 through July 30, 2017, the defendant, Roger Lefevre, M.D. owed a duty of care to the Plaintiff, Dara Hagopian as his patient, and was negligent and careless in that he failed to use and exercise that degree of medical skill and care, and failed to perform those acts which a qualified physician properly at the time and under the circumstances would have and should have rendered.

35.     The negligence of the defendant, Roger Lefevre, M.D., caused or was a substantial factor in proximately causing severe and permanent harm and damage to the Plaintiff, Dara Hagopian.

36.     As a further result of the negligence of the defendant, Roger Lefevre, M.D., herein, the Plaintiff, Dara Hagopian, suffered severe and permanent personal injuries including but not limited to a significant delay in the recognition, diagnosis and treatment of an iatrogenic laparoscopic injury to the bowel which caused a medically significant delay in appropriate assessment, diagnosis, intervention and treatment causing catastrophic internal injuries; severe scarring; the need for multiple and extensive life-saving medical interventions and surgical treatments; the development of further medical complications related to and as a result of the delay in timely and appropriate diagnosis and treatment; a prolonged hospitalization and recovery including rehabilitative care and treatment; suffered and continues to suffer great physical pain and mental anguish; was deprived of her ability to enjoy and engage in many activities of daily living; loss of earnings; and was deprived of the joys of normal life which she continues to suffer at present and will for the rest of her life, all to her great detriment and loss.

37.     As a further result of the negligence of the defendant, Roger Lefevre, M.D., the Plaintiff, Dara Hagopian, was obligated to expend various and diverse sums of money for medicine, medical, hospital and rehabilitative care and treatment in an attempt to lessen the ills and injuries she suffered, all to her great detriment and loss.

WHEREFORE, the Plaintiff demands judgment against the defendant, Roger Lefevre, M.D., for the aforementioned personal injuries, together with costs.

## COUNT II. DARA HAGOPIAN V. ROGER LEFEVRE, M.D.
## INFORMED CONSENT

38.     The Plaintiff, Dara Hagopian, hereby restates and incorporates by reference Paragraphs 1 through 37 of this Complaint.

39.     On or about July through August, 2017 average qualified members of the medical profession knew or should have known the risks, potential consequences and alternatives to the defendant, Roger Lefevre, M.D.'s choice of treatment of the Plaintiff, Dara Hagopian.

40.     On or about July 29, 2017 through July 30, 2017, the defendant, Roger Lefevre, M.D., knew or should have known the risks, potential consequences and alternatives to the defendant's choice of treatment of the Plaintiff, Dara Hagopian.

41.     On or about July 29, 2017 through July 30, 2017, the defendant, Roger Lefevre, M.D., failed to inform the Plaintiff, Dara Hagopian, of the risks, potential consequences and alternatives to the defendant's choice of treatment of her.

42.     If the defendant, Roger Lefevre, M.D., had informed the Plaintiff, Dara Hagopian, of the risks, potential consequences and alternatives to the defendant's choice of treatment of her, neither the Plaintiff, Dara Hagopian, nor a reasonable person in her position would have elected the defendant's choice of treatment.

43.     On or about July 29, 2017 through July 30, 2017, and thereafter the defendant, Roger Lefevre, M.D., failed to inform the Plaintiff, Dara Hagopian, of the surgical complication caused during the procedure of July 29, 2017 and further failed to inform her of the potential risks and consequences associated with said surgical complication or the fact that an iatrogenic surgical

complication was a likely cause for the Plaintiff's condition and the potential associated risks and consequences.

44.    The risks, potential consequences and alternatives to the defendant's choice of treatment of the Plaintiff, Dara Hagopian, including the option to consult with specialists within the field, were material to a decision by her, and a reasonable person in her position, as to whether to undergo the defendant's choice of treatment.

45.    As a direct and proximate result of defendant, Roger LeFevre, M.D.'s failure to inform the Plaintiff, Dara Hagopian, of the surgical complication that occurred on July 29, 2017, the fact that an iatrogenic surgical complication was a likely cause for the Plaintiff's condition,  and the alternatives to and risks and potential consequences of the defendant's treatment, the Plaintiff was caused to sustain severe and permanent personal injuries; has incurred and will continue to incur great medical expense for her medical, surgical, hospital and rehabilitative care and treatment; has incurred lost earnings; suffered a prolonged and protracted recovery; has permanent scarring;  has suffered and will continue to suffer great pain of body and anguish of mind; and her ability to enjoy life has been permanently adversely affected; all to her great detriment and loss.

WHEREFORE, the Plaintiff demands judgment against the defendant, Roger Lefevre, M.D., for the aforementioned personal injuries, together with costs.

## COUNT III.  DARA HAGOPIAN V.  ROGER LEFEVRE, M.D.
## EMOTIONAL DISTRESS

46.    The Plaintiff, Dara Hagopian, hereby restates and incorporates by reference Paragraphs 1 through 45 of this Complaint.

47.    As a result of the negligence and failure to provide informed consent of the defendant, Roger Lefevre, M.D., the Plaintiff, Dara Hagopian, suffered and will continue to suffer severe

emotional distress resulting in substantial physical injury, all to her great detriment.

WHEREFORE, the Plaintiff demands judgment against the defendant, Roger Lefevre, M.D., for the aforementioned personal injuries, together with costs.

## COUNT IV.  RANDALL HAGOPIAN  V. ROGER LEFEVRE, M.D.
### EMOTIONAL DISTRESS

48.    The Plaintiff, Randall Hagopian, hereby restates and incorporates by reference Paragraphs 1 through 47 of this Complaint.

49.    As a result of the negligence and failure to provide informed consent of the defendant, Roger Lefevre, M.D. herein, the Plaintiff, Randall Hagopian, suffered and will continue to suffer severe emotional distress resulting in substantial physical injury, all to his great detriment.

WHEREFORE, the Plaintiff demands judgment against the defendant, Roger Lefevre, M.D., for the aforementioned personal injuries, together with costs.

## COUNT V.  RANDALL HAGOPIAN  V. ROGER LEFEVRE, M.D.
### LOSS OF CONSORTIUM

50.    The Plaintiff, Randall Hagopian, hereby restates and incorporates by reference Paragraphs 1 through 49 of this Complaint.

51.    The Plaintiff, Randall Hagopian, is the husband of Dara Hagopian, and the person entitled by marriage to the benefit of her full society, companionship and consortium.

52.    As a result of the negligence and failure to provide informed consent of the defendant, Roger Lefevre, M.D., herein, the Plaintiff, Randall Hagopian, was deprived of and suffered the loss of the society, companionship and consortium of his wife, Dara Hagopian, all to his great detriment.

WHEREFORE, the Plaintiff demands judgment against the defendant, Roger Lefevre, M.D.,

11

for the aforementioned personal injuries, together with costs.

## COUNT VI. DARA HAGOPIAN V. LINDSEY WINER, M.D.
## NEGLIGENCE

53.     The plaintiff, Dara Hagopian, hereby restates and incorporates by reference Paragraphs 1 through 52 of this Complaint.

54.     On or about July 30, 2017 through August 2, 2017, the defendant, Lindsey Winer, M.D. owed a duty of care to the Plaintiff, Dara Hagopian as her patient, and was negligent and careless in that she failed to use and exercise that degree of medical skill and care, and failed to perform those acts which a qualified resident physician properly at the time and under the circumstances would have and should have rendered.

55.     The negligence of the defendant, Lindsey Winer, M.D., caused or was a substantial factor in proximately causing severe and permanent harm and damage to the Plaintiff, Dara Hagopian.

56.     As a further result of the negligence of the defendant, Lindsey Winer, M.D., herein, the Plaintiff, Dara Hagopian, suffered severe and permanent personal injuries including but not limited to a significant delay in the recognition, diagnosis and treatment of an iatrogenic laparoscopic injury to the bowel which caused a medically significant delay in appropriate assessment, diagnosis, intervention and treatment causing catastrophic internal injuries; severe scarring; the need for multiple and extensive life-saving medical interventions and surgical treatments; the development of further medical complications related to and as a result of the delay in timely and appropriate diagnosis and treatment; a prolonged hospitalization and recovery including rehabilitative care and treatment; suffered and continues to suffer great physical pain and mental anguish; was deprived of her ability to enjoy and engage in many activities of daily living; loss of earnings; and was deprived of the joys of normal life which she continues to suffer at present and will for the rest of her life, all to her great

detriment and loss.

57.     As a further result of the negligence of the defendant, Lindsey Winer, M.D., the Plaintiff, Dara Hagopian, was obligated to expend various and diverse sums of money for medicine, medical, hospital and rehabilitative care and treatment in an attempt to lessen the ills and injuries she suffered, all to her great detriment and loss.

WHEREFORE, the Plaintiff demands judgment against the defendant, Lindsey Winer, M.D., for the aforementioned personal injuries, together with costs.

## COUNT VII.  DARA HAGOPIAN V. LINDSEY WINER, M.D.
### INFORMED CONSENT

58.     The Plaintiff, Dara Hagopian, hereby restates and incorporates by reference Paragraphs 1 through 57 of this Complaint.

59.     On or about July through August, 2017 average qualified members of the medical profession knew or should have known the risks, potential consequences and alternatives to the defendant, Lindsey Winer, M.D.'s choice of treatment of the Plaintiff, Dara Hagopian.

60.     On or about July 30, 2017 through August 2, 2017, the defendant, Lindsey Winer, M.D., knew or should have known the risks, potential consequences and alternatives to the defendant's choice of treatment of the Plaintiff, Dara Hagopian.

61.     On or about July 30, 2017 through August 2, 2017, the defendant, Lindsey Winer, M.D., failed to inform the Plaintiff, Dara Hagopian, of the risks, potential consequences and alternatives to the defendant's choice of treatment of her.

62.     If the defendant, Lindsey Winer, M.D., had informed the Plaintiff, Dara Hagopian, of the risks, potential consequences and alternatives to the defendant's choice of treatment of her, neither the Plaintiff, Dara Hagopian, nor a reasonable person in her position would have elected the

defendant's choice of treatment.

63.     On or about July 30, 2017 through August 2, 2017, and thereafter the defendant, Lindsey Winer, M.D., failed to inform the Plaintiff, Dara Hagopian, of the fact that an iatrogenic surgical complication was a likely cause for the Plaintiff's condition and the potential associated risks and consequences.

64.     The risks, potential consequences and alternatives to the defendant's choice of treatment of the Plaintiff, Dara Hagopian, including the option to consult with specialists within the field, were material to a decision by her, and a reasonable person in her position, as to whether to undergo the defendant's choice of treatment.

65.     As a direct and proximate result of defendant, Lindsey Winer, M.D.'s failure to inform the Plaintiff, Dara Hagopian, the fact that an iatrogenic surgical complication was a likely cause for the Plaintiff's condition,  and the alternatives to and risks and potential consequences of the defendant's treatment, the Plaintiff was caused to sustain severe and permanent personal injuries; has incurred and will continue to incur great medical expense for her medical, surgical, hospital and rehabilitative care and treatment; has incurred lost earnings; suffered a prolonged and protracted recovery; has permanent scarring;  has suffered and will continue to suffer great pain of body and anguish of mind; and her ability to enjoy life has been permanently adversely affected; all to her great detriment and loss.

WHEREFORE, the Plaintiff demands judgment against the defendant, Lindsey Winer, M.D., for the aforementioned personal injuries, together with costs.

## COUNT VIII.  DARA HAGOPIAN V.  LINDSEY WINER, M.D. EMOTIONAL DISTRESS

66.     The Plaintiff, Dara Hagopian, hereby restates and incorporates by reference

14

Paragraphs 1 through 65 of this Complaint.

67.     As a result of the negligence and failure to provide informed consent of the defendant, Lindsey Winer, M.D., the Plaintiff, Dara Hagopian, suffered and will continue to suffer severe emotional distress resulting in substantial physical injury, all to her great detriment.

WHEREFORE, the Plaintiff demands judgment against the defendant, Lindsey Winer, M.D., for the aforementioned personal injuries, together with costs.

## COUNT IX.  RANDALL HAGOPIAN  V. LINDSEY WINER, M.D.
## EMOTIONAL DISTRESS

68.     The Plaintiff, Randall Hagopian, hereby restates and incorporates by reference Paragraphs 1 through 67 of this Complaint.

69.     As a result of the negligence and failure to provide informed consent of the defendant, Lindsey Winer, M.D. herein, the Plaintiff, Randall Hagopian, suffered and will continue to suffer severe emotional distress resulting in substantial physical injury, all to his great detriment.

WHEREFORE, the Plaintiff demands judgment against the defendant, Lindsey Winer, M.D., for the aforementioned personal injuries, together with costs.

## COUNT X.  RANDALL HAGOPIAN  V. LINDSEY WINER, M.D.
## LOSS OF CONSORTIUM

70.     The Plaintiff, Randall Hagopian, hereby restates and incorporates by reference Paragraphs 1 through 69 of this Complaint.

71.     The Plaintiff, Randall Hagopian, is the husband of Dara Hagopian, and the person entitled by marriage to the benefit of her full society, companionship and consortium.

72.     As a result of the negligence and failure to provide informed consent of the defendant, Lindsey Winer, M.D., herein, the Plaintiff, Randall Hagopian, was deprived of and

suffered the loss of the society, companionship and consortium of his wife, Dara Hagopian, all to his great detriment.

WHEREFORE, the Plaintiff demands judgment against the defendant, Lindsey Winer, M.D., for the aforementioned personal injuries, together with costs.

## COUNT XI.  DARA HAGOPIAN V. SARAH LAMBETH, M.D.
## NEGLIGENCE

73.     The plaintiff, Dara Hagopian, hereby restates and incorporates by reference Paragraphs 1 through 72 of this Complaint.

74.     On or about July 31, 2017 through August 2, 2017, the defendant, Sarah Lambeth, M.D. owed a duty of care to the Plaintiff, Dara Hagopian as her patient, and was negligent and careless in that she failed to use and exercise that degree of medical skill and care, and failed to perform those acts which a qualified resident physician properly at the time and under the circumstances would have and should have rendered.

75.     The negligence of the defendant, Sarah Lambeth, M.D., caused or was a substantial factor in proximately causing severe and permanent harm and damage to the Plaintiff, Dara Hagopian.

76.     As a further result of the negligence of the defendant, Sarah  Lambeth, M.D., herein, the Plaintiff, Dara Hagopian, suffered severe and permanent personal injuries including but not limited to a significant delay in the recognition, diagnosis and treatment of an iatrogenic laparoscopic injury to the bowel which caused a medically significant delay in appropriate assessment, diagnosis, intervention and treatment causing catastrophic internal injuries; severe scarring; the need for multiple and extensive life-saving medical interventions and surgical treatments; the development of further medical complications related to and as a result of the delay in timely and appropriate diagnosis and treatment; a prolonged hospitalization and recovery including rehabilitative care and treatment;

16

suffered and continues to suffer great physical pain and mental anguish; was deprived of her ability to enjoy and engage in many activities of daily living; loss of earnings; and was deprived of the joys of normal life which she continues to suffer at present and will for the rest of her life, all to her great detriment and loss.

77.     As a further result of the negligence of the defendant, Sarah Lambeth, M.D., the Plaintiff, Dara Hagopian, was obligated to expend various and diverse sums of money for medicine, medical, hospital and rehabilitative care and treatment in an attempt to lessen the ills and injuries she suffered, all to her great detriment and loss.

WHEREFORE, the Plaintiff demands judgment against the defendant, Sarah Lambeth, M.D., for the aforementioned personal injuries, together with costs.

## COUNT XII.  DARA HAGOPIAN V. SARAH LAMBETH, M.D.
## INFORMED CONSENT

78.     The Plaintiff, Dara Hagopian, hereby restates and incorporates by reference Paragraphs 1 through 77 of this Complaint.

79.     On or about July through August, 2017 average qualified members of the medical profession knew or should have known the risks, potential consequences and alternatives to the defendant, Sarah Lambeth, M.D.'s choice of treatment of the Plaintiff, Dara Hagopian.

80.     On or about July 31, 2017 through August 2, 2017, the defendant, Sarah Lambeth, M.D., knew or should have known the risks, potential consequences and alternatives to the defendant's choice of treatment of the Plaintiff, Dara Hagopian.

81.     On or about July 31, 2017 through August 2, 2017, the defendant, Sarah Lambeth, M.D., failed to inform the Plaintiff, Dara Hagopian, of the risks, potential consequences and alternatives to the defendant's choice of treatment of her.

17

82.    If the defendant, Sarah Lambeth, M.D., had informed the Plaintiff, Dara Hagopian, of the risks, potential consequences and alternatives to the defendant's choice of treatment of her, neither the Plaintiff, Dara Hagopian, nor a reasonable person in her position would have elected the defendant's choice of treatment.

83.    On or about July 31, 2017 through August 2, 2017, and thereafter the defendant, Sarah Lambeth, M.D., failed to inform the Plaintiff, Dara Hagopian, of the fact that an iatrogenic surgical complication was a likely cause for the Plaintiff's condition and the potential associated risks and consequences.

84.    The risks, potential consequences and alternatives to the defendant's choice of treatment of the Plaintiff, Dara Hagopian, including the option to consult with specialists within the field, were material to a decision by her, and a reasonable person in her position, as to whether to undergo the defendant's choice of treatment.

85.    As a direct and proximate result of defendant, Sarah Lambeth, M.D.'s failure to inform the Plaintiff, Dara Hagopian, the fact that an iatrogenic surgical complication was a likely cause for the Plaintiff's condition,  and the alternatives to and risks and potential consequences of the defendant's treatment, the Plaintiff was caused to sustain severe and permanent personal injuries; has incurred and will continue to incur great medical expense for her medical, surgical, hospital and rehabilitative care and treatment; has incurred lost earnings; suffered a prolonged and protracted recovery; has permanent scarring;  has suffered and will continue to suffer great pain of body and anguish of mind; and her ability to enjoy life has been permanently adversely affected; all to her great detriment and loss.

WHEREFORE, the Plaintiff demands judgment against the defendant, Sarah Lambeth, M.D., for the aforementioned personal injuries, together with costs.

## COUNT XIII.  DARA HAGOPIAN V.  SARAH LAMBETH, M.D.
### EMOTIONAL DISTRESS

86.      The Plaintiff, Dara Hagopian, hereby restates and incorporates by reference Paragraphs 1 through 85 of this Complaint.

87.      As a result of the negligence and failure to provide informed consent of the defendant, Sarah Lambeth, M.D., the Plaintiff, Dara Hagopian, suffered and will continue to suffer severe emotional distress resulting in substantial physical injury, all to her great detriment.

WHEREFORE, the Plaintiff demands judgment against the defendant, Sarah Lambeth, M.D., for the aforementioned personal injuries, together with costs.

## COUNT XIV.  RANDALL HAGOPIAN  V. SARAH LAMBETH, M.D.
### EMOTIONAL DISTRESS

88.      The Plaintiff, Randall Hagopian, hereby restates and incorporates by reference Paragraphs 1 through 87 of this Complaint.

89.      As a result of the negligence and failure to provide informed consent of the defendant, Sarah Lambeth, M.D. herein, the Plaintiff, Randall Hagopian, suffered and will continue to suffer severe emotional distress resulting in substantial physical injury, all to his great detriment.

WHEREFORE, the Plaintiff demands judgment against the defendant, Sarah Lambeth, M.D., for the aforementioned personal injuries, together with costs.

## COUNT XV.  RANDALL HAGOPIAN  V. SARAH LAMBETH, M.D.
### LOSS OF CONSORTIUM

90.      The Plaintiff, Randall Hagopian, hereby restates and incorporates by reference Paragraphs 1 through 89 of this Complaint.

91.      The Plaintiff, Randall Hagopian, is the husband of Dara Hagopian, and the person entitled by marriage to the benefit of her full society, companionship and consortium.

19

92.     As a result of the negligence and failure to provide informed consent of the defendant, Sarah Lambeth, M.D., herein, the Plaintiff, Randall Hagopian, was deprived of and suffered the loss of the society, companionship and consortium of his wife, Dara Hagopian, all to his great detriment.

WHEREFORE, the Plaintiff demands judgment against the defendant, Sarah Lambeth, M.D., for the aforementioned personal injuries, together with costs.

## COUNT XVI.  DARA HAGOPIAN V. SANDRA MASON, M.D. NEGLIGENCE

93.     The plaintiff, Dara Hagopian, hereby restates and incorporates by reference Paragraphs 1 through 92 of this Complaint.

94.     On or about August 1, 2017 through August 2, 2017, the defendant, Sandra Mason, M.D. owed a duty of care to the Plaintiff, Dara Hagopian as her patient, and was negligent and careless in that she failed to use and exercise that degree of medical skill and care, and failed to perform those acts which a qualified physician properly at the time and under the circumstances would have and should have rendered.

95.     The negligence of the defendant, Sandra Mason, M.D., caused or was a substantial factor in proximately causing severe and permanent harm and damage to the Plaintiff, Dara Hagopian.

96.     As a further result of the negligence of the defendant, Sandra Mason, M.D., herein, the Plaintiff, Dara Hagopian, suffered severe and permanent personal injuries including but not limited to a significant delay in the recognition, diagnosis and treatment of an iatrogenic laparoscopic injury to the bowel which caused a medically significant delay in appropriate assessment, diagnosis, intervention and treatment causing catastrophic internal injuries; severe scarring; the need for multiple and extensive life-saving medical interventions and surgical treatments; the development of further

medical complications related to and as a result of the delay in timely and appropriate diagnosis and treatment; a prolonged hospitalization and recovery including rehabilitative care and treatment; suffered and continues to suffer great physical pain and mental anguish; was deprived of her ability to enjoy and engage in many activities of daily living; loss of earnings; and was deprived of the joys of normal life which she continues to suffer at present and will for the rest of her life, all to her great detriment and loss.

97.     As a further result of the negligence of the defendant, Sandra Mason, M.D., the Plaintiff, Dara Hagopian, was obligated to expend various and diverse sums of money for medicine, medical, hospital and rehabilitative care and treatment in an attempt to lessen the ills and injuries she suffered, all to her great detriment and loss.

WHEREFORE, the Plaintiff demands judgment against the defendant, Sandra Mason, M.D., for the aforementioned personal injuries, together with costs.

## COUNT XVII.  DARA HAGOPIAN V. SANDRA MASON, M.D.
## INFORMED CONSENT

98.     The Plaintiff, Dara Hagopian, hereby restates and incorporates by reference Paragraphs 1 through 97 of this Complaint.

99.     On or about July through August, 2017 average qualified members of the medical profession knew or should have known the risks, potential consequences and alternatives to the defendant, Sandra Mason, M.D.'s choice of treatment of the Plaintiff, Dara Hagopian.

100.     On or about August 1, 2017 through August 2, 2017, the defendant, Sandra Mason, M.D., knew or should have known the risks, potential consequences and alternatives to the defendant's choice of treatment of the Plaintiff, Dara Hagopian.

101.     On or about August 1, 2017 through August 2, 2017, the defendant, Sandra Mason,

M.D., failed to inform the Plaintiff, Dara Hagopian, of the risks, potential consequences and alternatives to the defendant's choice of treatment of her.

102.    If the defendant, Sandra Mason, M.D., had informed the Plaintiff, Dara Hagopian, of the risks, potential consequences and alternatives to the defendant's choice of treatment of her, neither the Plaintiff, Dara Hagopian, nor a reasonable person in her position would have elected the defendant's choice of treatment.

103.    On or about August 1, 2017 through August 2, 2017, and thereafter the defendant, Sandra Mason, M.D., failed to inform the Plaintiff, Dara Hagopian, of the fact that an iatrogenic surgical complication was a likely cause for the Plaintiff's condition and the potential associated risks and consequences.

104.    The risks, potential consequences and alternatives to the defendant's choice of treatment of the Plaintiff, Dara Hagopian, including the option to consult with specialists within the field, were material to a decision by her, and a reasonable person in her position, as to whether to undergo the defendant's choice of treatment.

105.    As a direct and proximate result of defendant, Sandra Mason, M.D.'s failure to inform the Plaintiff, Dara Hagopian, the fact that an iatrogenic surgical complication was a likely cause for the Plaintiff's condition,  and the alternatives to and risks and potential consequences of the defendant's treatment, the Plaintiff was caused to sustain severe and permanent personal injuries; has incurred and will continue to incur great medical expense for her medical, surgical, hospital and rehabilitative care and treatment; has incurred lost earnings; suffered a prolonged and protracted recovery; has permanent scarring;  has suffered and will continue to suffer great pain of body and anguish of mind; and her ability to enjoy life has been permanently adversely affected; all to her great detriment and loss.

WHEREFORE, the Plaintiff demands judgment against the defendant, Sandra Mason, M.D., for the aforementioned personal injuries, together with costs.

## COUNT XVIII.  DARA HAGOPIAN V.  SANDRA MASON, M.D.
## EMOTIONAL DISTRESS

106.  The Plaintiff, Dara Hagopian, hereby restates and incorporates by reference Paragraphs 1 through 105 of this  Complaint.

107.     As a result of the negligence and failure to provide informed consent of the defendant, Sandra Mason, M.D., the Plaintiff, Dara Hagopian, suffered and will continue to suffer severe emotional distress resulting in substantial physical injury, all to her great detriment.

WHEREFORE, the Plaintiff demands judgment against the defendant, Sandra Mason, M.D., for the aforementioned personal injuries, together with costs.

## COUNT XIX.  RANDALL HAGOPIAN  V. SANDRA MASON, M.D.
## EMOTIONAL DISTRESS

108.     The  Plaintiff, Randall  Hagopian,  hereby  restates  and  incorporates  by  reference Paragraphs 1 through 107 of this Complaint.

109.     As a result of the negligence and failure to provide informed consent of the defendant, Sandra Mason, M.D. herein, the Plaintiff, Randall Hagopian, suffered and will continue to suffer severe emotional distress resulting in substantial physical injury, all to his great detriment.

WHEREFORE, the Plaintiff demands judgment against the defendant, Sandra Mason, M.D., for the aforementioned personal injuries, together with costs.

## COUNT XX.  RANDALL HAGOPIAN  V. SANDRA MASON, M.D.
## LOSS OF CONSORTIUM

110.     The  Plaintiff,  Randall  Hagopian,  hereby  restates  and  incorporates  by  reference

Paragraphs 1 through 109 of this Complaint.

111.     The Plaintiff, Randall Hagopian, is the husband of Dara Hagopian, and the person entitled by marriage to the benefit of her full society, companionship and consortium.

112.     As a result of the negligence and failure to provide informed consent of the defendant, Sandra Mason, M.D., herein, the Plaintiff, Randall Hagopian, was deprived of and suffered the loss of the society, companionship and consortium of his wife, Dara Hagopian, all to his great detriment.

WHEREFORE, the Plaintiff demands judgment against the defendant, Sandra Mason, M.D., for the aforementioned personal injuries, together with costs.

## COUNT XXI.  DARA HAGOPIAN V. CATHERINE DIEFFENBACH, M.D. NEGLIGENCE

113.     The plaintiff, Dara Hagopian, hereby restates and incorporates by reference Paragraphs 1 through 112 of this Complaint.

114.     On or about August 2, 2017, the defendant, Catherine Dieffenbach, M.D. owed a duty of care to the Plaintiff, Dara Hagopian as her patient, and was negligent and careless in that she failed to use and exercise that degree of medical skill and care, and failed to perform those acts which a qualified resident physician properly at the time and under the circumstances would have and should have rendered.

115.     The negligence of the defendant, Catherine Dieffenbach, M.D., caused or was a substantial factor in proximately causing severe and permanent harm and damage to the Plaintiff, Dara Hagopian.

116.     As a further result of the negligence of the defendant, Catherine Dieffenbach, M.D., herein, the Plaintiff, Dara Hagopian, suffered severe and permanent personal injuries including but

not limited to a significant delay in the recognition, diagnosis and treatment of an iatrogenic laparoscopic injury to the bowel which caused a medically significant delay in appropriate assessment, diagnosis, intervention and treatment causing catastrophic internal injuries; severe scarring; the need for multiple and extensive life-saving medical interventions and surgical treatments; the development of further medical complications related to and as a result of the delay in timely and appropriate diagnosis and treatment; a prolonged hospitalization and recovery including rehabilitative care and treatment; suffered and continues to suffer great physical pain and mental anguish; was deprived of her ability to enjoy and engage in many activities of daily living; loss of earnings; and was deprived of the joys of normal life which she continues to suffer at present and will for the rest of her life, all to her great detriment and loss.

117.    As a further result of the negligence of the defendant, Catherine Dieffenbach, M.D., the Plaintiff, Dara Hagopian, was obligated to expend various and diverse sums of money for medicine, medical, hospital and rehabilitative care and treatment in an attempt to lessen the ills and injuries she suffered, all to her great detriment and loss.

WHEREFORE, the Plaintiff demands judgment against the defendant, Catherine Dieffenbach, M.D., for the aforementioned personal injuries, together with costs.

## COUNT XXII.  DARA HAGOPIAN V. CATHERINE DIEFFENBACH, M.D. INFORMED CONSENT

118.    The Plaintiff, Dara Hagopian, hereby restates and incorporates by reference Paragraphs 1 through 117 of this Complaint.

119.    On or about July through August, 2017 average qualified members of the medical profession knew or should have known the risks, potential consequences and alternatives to the defendant, Catherine Dieffenbach, M.D.'s choice of treatment of the Plaintiff, Dara Hagopian.

120.     On or about August 2, 2017, the defendant, Catherine Dieffenbach, M.D., knew or should have known the risks, potential consequences and alternatives to the defendant's choice of treatment of the Plaintiff, Dara Hagopian.

121.     On or about August 2, 2017, the defendant, Catherine Dieffenbach, M.D., failed to inform the Plaintiff, Dara Hagopian, of the risks, potential consequences and alternatives to the defendant's choice of treatment of her.

122.     If the defendant, Catherine Dieffenbach, M.D., had informed the Plaintiff, Dara Hagopian, of the risks, potential consequences and alternatives to the defendant's choice of treatment of her, neither the Plaintiff, Dara Hagopian, nor a reasonable person in her position would have elected the defendant's choice of treatment.

123.     On or about August 2, 2017, and thereafter the defendant, Catherine Dieffenbach, M.D., failed to inform the Plaintiff, Dara Hagopian, of the fact that an iatrogenic surgical complication was a likely cause for the Plaintiff's condition and the potential associated risks and consequences.

124.     The risks, potential consequences and alternatives to the defendant's choice of treatment of the Plaintiff, Dara Hagopian, including the option to consult with specialists within the field, were material to a decision by her, and a reasonable person in her position, as to whether to undergo the defendant's choice of treatment.

125.     As a direct and proximate result of defendant, Catherine Dieffenbach, M.D.'s failure to inform the Plaintiff, Dara Hagopian, the fact that an iatrogenic surgical complication was a likely cause for the Plaintiff's condition,  and the alternatives to and risks and potential consequences of the defendant's treatment, the Plaintiff was caused to sustain severe and permanent personal injuries; has incurred and will continue to incur great medical expense for her medical, surgical, hospital and rehabilitative care and treatment; has incurred lost earnings; suffered a prolonged and protracted

recovery; has permanent scarring; has suffered and will continue to suffer great pain of body and anguish of mind; and her ability to enjoy life has been permanently adversely affected; all to her great detriment and loss.

WHEREFORE, the Plaintiff demands judgment against the defendant, Catherine Dieffenbach, M.D., for the aforementioned personal injuries, together with costs.

### COUNT XXIII.  DARA HAGOPIAN V.  CATHERINE DIEFFENBACH, M.D. EMOTIONAL DISTRESS

126.    The Plaintiff, Dara Hagopian, hereby restates and incorporates by reference Paragraphs 1 through 125 of this Complaint.

127.    As a result of the negligence and failure to provide informed consent of the defendant, Catherine Dieffenbach, M.D., the Plaintiff, Dara Hagopian, suffered and will continue to suffer severe emotional distress resulting in substantial physical injury, all to her great detriment.

WHEREFORE, the Plaintiff demands judgment against the defendant, Catherine Dieffenbach, M.D., for the aforementioned personal injuries, together with costs.

### COUNT XXIV.  RANDALL HAGOPIAN  V. CATHERINE DIEFFENBACH, M.D. EMOTIONAL DISTRESS

128.    The Plaintiff, Randall Hagopian, hereby restates and incorporates by reference Paragraphs 1 through 127 of this Complaint.

129.    As a result of the negligence and failure to provide informed consent of the defendant, Catherine Dieffenbach, M.D. herein, the Plaintiff, Randall Hagopian, suffered and will continue to suffer severe emotional distress resulting in substantial physical injury, all to his great detriment.

WHEREFORE, the Plaintiff demands judgment against the defendant, Catherine Dieffenbach, M.D., for the aforementioned personal injuries, together with costs.

## COUNT XXV. RANDALL HAGOPIAN V. CATHERINE DIEFFENBACH, M.D.
## LOSS OF CONSORTIUM

130.   The Plaintiff, Randall Hagopian, hereby restates and incorporates by reference Paragraphs 1 through 129 of this Complaint.

131.   The Plaintiff, Randall Hagopian, is the husband of Dara Hagopian, and the person entitled by marriage to the benefit of her full society, companionship and consortium.

132.   As a result of the negligence and failure to provide informed consent of the defendant, Catherine Dieffenbach, M.D., herein, the Plaintiff, Randall Hagopian, was deprived of and suffered the loss of the society, companionship and consortium of his wife, Dara Hagopian, all to his great detriment.

WHEREFORE, the Plaintiff demands judgment against the defendant, Catherine Dieffenbach, M.D., for the aforementioned personal injuries, together with costs.

## COUNT XXVI. DARA HAGOPIAN V. REBEKAH VILORIA, M.D.
## NEGLIGENCE

133.   The plaintiff, Dara Hagopian, hereby restates and incorporates by reference Paragraphs 1 through 132 of this Complaint.

134.   On or about July 31, 2017, the defendant, Rebekah Viloria, M.D. owed a duty of care to the Plaintiff, Dara Hagopian as her patient, and was negligent and careless in that she failed to use and exercise that degree of medical skill and care, and failed to perform those acts which a qualified physician properly at the time and under the circumstances would have and should have rendered.

135.   The negligence of the defendant, Rebekah Viloria, M.D., caused or was a substantial factor in proximately causing severe and permanent harm and damage to the Plaintiff, Dara Hagopian.

136.   As a further result of the negligence of the defendant, Rebekah Viloria, M.D., herein,

the Plaintiff, Dara Hagopian, suffered severe and permanent personal injuries including but not limited to a significant delay in the recognition, diagnosis and treatment of an iatrogenic laparoscopic injury to the bowel which caused a medically significant delay in appropriate assessment, diagnosis, intervention and treatment causing catastrophic internal injuries; severe scarring; the need for multiple and extensive life-saving medical interventions and surgical treatments; the development of further medical complications related to and as a result of the delay in timely and appropriate diagnosis and treatment; a prolonged hospitalization and recovery including rehabilitative care and treatment; suffered and continues to suffer great physical pain and mental anguish; was deprived of her ability to enjoy and engage in many activities of daily living; loss of earnings; and was deprived of the joys of normal life which she continues to suffer at present and will for the rest of her life, all to her great detriment and loss.

137.    As a further result of the negligence of the defendant, Rebekah Viloria, M.D., the Plaintiff, Dara Hagopian, was obligated to expend various and diverse sums of money for medicine, medical, hospital and rehabilitative care and treatment in an attempt to lessen the ills and injuries she suffered, all to her great detriment and loss.

WHEREFORE, the Plaintiff demands judgment against the defendant, Rebekah Viloria, M.D., for the aforementioned personal injuries, together with costs.

## COUNT XXVII.  DARA HAGOPIAN V. REBEKAH VILORIA, M.D. INFORMED CONSENT

138.    The Plaintiff, Dara Hagopian, hereby restates and incorporates by reference Paragraphs 1 through 137 of this Complaint.

139.    On or about July through August, 2017 average qualified members of the medical profession knew or should have known the risks, potential consequences and alternatives to the

defendant, Rebekah Viloria, M.D.'s choice of treatment of the Plaintiff, Dara Hagopian.

140.     On or about July 31, 2017, the defendant, Rebekah Viloria, M.D., knew or should have known the risks, potential consequences and alternatives to the defendant's choice of treatment of the Plaintiff, Dara Hagopian.

141.     On or about July 31, 2017, the defendant, Rebekah Viloria, M.D., failed to inform the Plaintiff, Dara Hagopian, of the risks, potential consequences and alternatives to the defendant's choice of treatment of her.

142.     If the defendant, Rebekah Viloria, M.D., had informed the Plaintiff, Dara Hagopian, of the risks, potential consequences and alternatives to the defendant's choice of treatment of her, neither the Plaintiff, Dara Hagopian, nor a reasonable person in her position would have elected the defendant's choice of treatment.

143.     On or about July 31, 2017, and thereafter the defendant, Rebekah Viloria, M.D., failed to inform the Plaintiff, Dara Hagopian, of the fact that an iatrogenic surgical complication was a likely cause for the Plaintiff's condition and the potential associated risks and consequences.

144.     The risks, potential consequences and alternatives to the defendant's choice of treatment of the Plaintiff, Dara Hagopian, including the option to consult with specialists within the field, were material to a decision by her, and a reasonable person in her position, as to whether to undergo the defendant's choice of treatment.

145.     As a direct and proximate result of defendant, Rebekah Viloria, M.D.'s failure to inform the Plaintiff, Dara Hagopian, the fact that an iatrogenic surgical complication was a likely cause for the Plaintiff's condition, and the alternatives to and risks and potential consequences of the defendant's treatment, the Plaintiff was caused to sustain severe and permanent personal injuries; has incurred and will continue to incur great medical expense for her medical, surgical, hospital and

rehabilitative care and treatment; has incurred lost earnings; suffered a prolonged and protracted recovery; has permanent scarring;  has suffered and will continue to suffer great pain of body and anguish of mind; and her ability to enjoy life has been permanently adversely affected; all to her great detriment and loss.

WHEREFORE, the Plaintiff demands judgment against the defendant, Rebekah Viloria, M.D., for the aforementioned personal injuries, together with costs.

## COUNT XXVIII.  DARA HAGOPIAN V.  REBEKAH VILORIA, M.D.
## EMOTIONAL DISTRESS

146.    The Plaintiff, Dara Hagopian, hereby restates and incorporates by reference Paragraphs 1 through 145 of this Complaint.

147.    As a result of the negligence and failure to provide informed consent of the defendant, Rebekah Viloria M.D., the Plaintiff, Dara Hagopian, suffered and will continue to suffer severe emotional distress resulting in substantial physical injury, all to her great detriment.

WHEREFORE, the Plaintiff demands judgment against the defendant, Rebekah Viloria, M.D., for the aforementioned personal injuries, together with costs.

## COUNT XXIX.  RANDALL HAGOPIAN  V. REBEKAH VILORIA, M.D.
## EMOTIONAL DISTRESS

148.    The Plaintiff, Randall Hagopian, hereby restates and incorporates by reference Paragraphs 1 through 147 of this Complaint.

149.    As a result of the negligence and failure to provide informed consent of the defendant, Rebekah Viloria, M.D. herein, the Plaintiff, Randall Hagopian, suffered and will continue to suffer severe emotional distress resulting in substantial physical injury, all to his great detriment.

WHEREFORE, the Plaintiff demands judgment against the defendant, Rebekah Viloria,

M.D., for the aforementioned personal injuries, together with costs.

### COUNT XXX. RANDALL HAGOPIAN V. REBEKAH VILORIA, M.D.
### LOSS OF CONSORTIUM

150.   The Plaintiff, Randall Hagopian, hereby restates and incorporates by reference Paragraphs 1 through 149 of this Complaint.

151.   The Plaintiff, Randall Hagopian, is the husband of Dara Hagopian, and the person entitled by marriage to the benefit of her full society, companionship and consortium.

152.   As a result of the negligence and failure to provide informed consent of the defendant, Rebekah Viloria, M.D., herein, the Plaintiff, Randall Hagopian, was deprived of and suffered the loss of the society, companionship and consortium of his wife, Dara Hagopian, all to his great detriment.

WHEREFORE, the Plaintiff demands judgment against the defendant, Rebekah Viloria, M.D., for the aforementioned personal injuries, together with costs.

### COUNT XXXI. DARA HAGOPIAN V. BETH ISRAEL DEACONESS
### MEDICAL CENTER, INC.
### NEGLIGENCE

153.   The plaintiff, Dara Hagopian, hereby restates and incorporates by reference Paragraphs 1 through 152 of this Complaint.

154.   On or about July 29, 2017 through August 2, 2017, the defendant, Beth Israel Deaconess Medical Center, Inc., through its agents, servants and employees, including but not limited to Roger Lefevre, M.D., Lindsey Winer, M.D., Sarah Lambeth, M.D., Sandra Mason, M.D. Catherine Dieffenbach, M.D. and Rebekah Viloria, M.D. owed a duty of care to the Plaintiff, Dara Hagopian, as their patient, and were negligent and careless in that they failed, through their agents, servants and employees to use and exercise that degree of medical skill and care and failed, through their agents,

servants and employees to perform those acts which a qualified physician and resident physician properly practicing medicine at the time and under the circumstances, would have and should have rendered.

155.    The negligence of the defendant, Beth Israel Medical Center, Inc., through their agents, servants and employees caused or was a substantial factor in causing severe and permanent damage to the Plaintiff, Dara Hagopian.

156.    As a further result of the negligence of the defendant, Beth Israel Medical Center, Inc., through their agents, servants and employees, the Plaintiff, Dara Hagopian, suffered severe and permanent personal injuries including but not limited to a significant delay in the recognition, diagnosis and treatment of an iatrogenic laparoscopic injury to the bowel which caused a medically significant delay in appropriate assessment, diagnosis, intervention and treatment causing catastrophic internal injuries; severe scarring; the need for multiple and extensive life-saving medical interventions and surgical treatments; the development of further medical complications related to and as a result of the delay in timely and appropriate diagnosis and treatment; a prolonged hospitalization and recovery including rehabilitative care and treatment; suffered and continues to suffer great physical pain and mental anguish; was deprived of her ability to enjoy and engage in many activities of daily living; loss of earnings; and was deprived of the joys of normal life which she continues to suffer at present and will for the rest of her life, all to her great detriment and loss..

157.    As a further result of the negligence of the defendant, Beth Israel Deaconess Medical Center, Inc., the Plaintiff, Dara Hagopian, was obligated to expend various and diverse sums of money for medicine, medical, hospital and rehabilitative care and treatment in an attempt to lessen the ills and injuries she suffered, all to her great detriment and loss.

WHEREFORE, the Plaintiff demands judgment against the defendant, Beth Israel

Deaconess Medical Center, Inc., for the aforementioned personal injuries, together with costs.

## COUNT XXXII. DARA HAGOPIAN V. BETH ISRAEL DEACONESS MEDICAL CENTER, INC. INFORMED CONSENT

158.     The Plaintiff, Dara Hagopian, hereby restates and incorporates by reference Paragraphs 1 through 157 of this Complaint.

159.     On or about July and August, 2017 average qualified members of the medical profession knew or should have known the risks, potential consequences and alternatives to the defendant, Beth Israel Deaconess Medical Center, Inc., through its agents, servants and employee's choice of treatment of the Plaintiff, Dara Hagopian.

160.     On or about July 29, 2017 through August 2, 2017, the defendant, Beth Israel Deaconess Medical, Inc., through their agents, servants and employees, knew or should have known the risks, potential consequences and alternatives to each defendant's choice of treatment of the Plaintiff, Dara Hagopian.

161.     On or about July 29, 2017 through August 2, 2017, the defendant, Beth Israel Deaconess Medical Center, Inc., through its agents, servants and employees, failed to inform the Plaintiff, Dara Hagopian, of the risks, potential consequences and alternatives to each defendant's choice of treatment of her.

162.     If the defendant, Beth Israel Deaconess Medical Center, Inc., by its agents, servants and employees, had informed the Plaintiff, Dara Hagopian, of the risks, potential consequences and alternatives to the defendant's choice of treatment of her, neither Dara Hagopian, nor a reasonable person in her position would have elected any one or more of each defendant's choice of treatment.

163.     On or about July 29, 2017 through August 2, 2017 and thereafter the defendant,

34

Beth Israel Deaconess Medical Center, Inc., by its agents, servants and employees, failed to inform the Plaintiff, Dara Hagopian, of the surgical complication caused during the procedure of July 29, 2017 wherein an iatrogenic injury was caused during the laparoscopic procedure and further failed to inform her of both the fact that this was the likely cause of her condition and of the potential risks and consequences associated with the surgical complication and each defendant's proposed plan of treatment.

164.     The risks, potential consequences and alternatives to each defendant's choice of treatment of the Plaintiff, Dara Hagopian, including the option to consult with specialists within the field, were material to a decision by her, and a reasonable person in her position, as to whether to undergo each defendant's choice of treatment.

165.     As a direct and proximate result of the defendant, Beth Israel Deaconess, Inc.'s failure to inform the Plaintiff, Dara Hagopian, of the aforementioned information, as well as the alternatives to and risks and potential consequences of each defendant's treatment, the Plaintiff was caused to sustain severe and permanent personal injuries; has incurred and will continue to incur great medical expense for her medical, surgical, and hospital care and treatment; has suffered and will continue to suffer great pain of body and anguish of mind; and her ability to enjoy life has been permanently adversely affected; all to her great detriment and loss.

WHEREFORE, the Plaintiff demands judgment against the defendant, Beth Israel Medical Center, Inc., for the aforementioned personal injuries, together with costs.

## COUNT XXXIII.  DARA HAGOPIAN V. BETH ISRAEL MEDICAL CENTER, INC. EMOTIONAL DISTRESS

166.     The Plaintiff, Dara Hagopian, hereby restates and incorporates by reference Paragraphs 1 through 165 of this Complaint.

167.     As a result of the negligence and failure to provide informed consent of the defendant, Beth Israel Deaconess Medical Center, Inc., the Plaintiff, Dara Hagopian, suffered and will continue to suffer severe emotional distress resulting in substantial physical injury, all to her great detriment.

WHEREFORE, the Plaintiff demands judgment against the defendant, Beth Israel Deaconess Medical Center, Inc., for the aforementioned personal injuries, together with costs.

## COUNT XXXIV.  RANALL HAGOPIAN V. BETH ISRAEL DEACONESS MEDICAL CENTER, INC. EMOTIONAL DISTRESS

168.     The Plaintiff, Randall Hagopian, hereby restates and incorporates by reference Paragraphs 1 through 167 of this Complaint.

169.     As a result of the negligence and failure to provide informed consent of the defendant, Beth Israel Deaconess Medical Center, Inc., herein, the Plaintiff, Randall Hagopian, the husband of Dara Hagopian, suffered and will continue to suffer severe emotional distress resulting in substantial physical injury, all to his great detriment.

WHEREFORE, the Plaintiff demands judgment against the defendant, Beth Israel Medical Center, Inc., for the aforementioned personal injuries, together with costs.

## COUNT XXXV.  RANDALL HAGOPIAN V. BETH ISRAEL DEACONESS MEDICAL CENTER, INC. LOSS OF CONSORTIUM

170.     The Plaintiff, Randall Hagopian, hereby restates and incorporates by reference Paragraphs 1 through 169 of this Complaint.

171.     The Plaintiff, Randall Hagopian, is the husband of Dara Hagopian, and the person

36

entitled by marriage to the benefit of her full society, companionship and consortium.

172.     As a result of the negligence and failure to provide informed consent of the defendant, Beth Israel Deaconess Medical Center, Inc., herein, the Plaintiff, Randall Hagopian, was deprived of and suffered the loss of the society, companionship and consortium of his wife, Dara Hagopian, all to his great detriment.

WHEREFORE, the Plaintiff demands judgment against the defendant, Beth Israel Deaconess Medical Center, Inc., for the aforementioned personal injuries, together costs.

## COUNT XXXVI. DARA HAGOPIAN V. FENWAY COMMUNITY HEALTH CENTER, INC. NEGLIGENCE

173.     The plaintiff, Dara Hagopian, hereby restates and incorporates by reference Paragraphs 1 through 172 of this Complaint.

174.     On or about July 31, 2017, the defendant, Fenway Community Health Center, Inc., through its agents, servants and employees, including but not limited to Rebekah Viloria, M.D., owed a duty of care to the Plaintiff, Dara Hagopian, as their patient, and were negligent and careless in that they failed, through their agents, servants and employees to use and exercise that degree of medical skill and care and failed, through their agents, servants and employees to perform those acts which a qualified physician properly practicing medicine at the time and under the circumstances, would have and should have rendered.

175.     The negligence of the defendant, Fenway Community Health Center, Inc., through their agents, servants and employees caused or was a substantial factor in causing severe and permanent damage to the Plaintiff, Dara Hagopian.

176.     As a further result of the negligence of the defendant, Fenway Community Health Center, Inc., through their agents, servants and employees, the Plaintiff, Dara Hagopian, suffered

severe and permanent personal injuries including but not limited to a significant delay in the recognition, diagnosis and treatment of an iatrogenic laparoscopic injury to the bowel which caused a medically significant delay in appropriate assessment, diagnosis, intervention and treatment causing catastrophic internal injuries; severe scarring; the need for multiple and extensive life-saving medical interventions and surgical treatments; the development of further medical complications related to and as a result of the delay in timely and appropriate diagnosis and treatment; a prolonged hospitalization and recovery including rehabilitative care and treatment; suffered and continues to suffer great physical pain and mental anguish; was deprived of her ability to enjoy and engage in many activities of daily living; loss of earnings; and was deprived of the joys of normal life which she continues to suffer at present and will for the rest of her life, all to her great detriment and loss..

177.    As a further result of the negligence of the defendant, Fenway Community Health Center, Inc., the Plaintiff, Dara Hagopian, was obligated to expend various and diverse sums of money for medicine, medical, hospital and rehabilitative care and treatment in an attempt to lessen the ills and injuries she suffered, all to her great detriment and loss.

WHEREFORE, the Plaintiff demands judgment against the defendant, Fenway Community Health Center, Inc., for the aforementioned personal injuries, together with costs.

## COUNT XXXVII.  DARA HAGOPIAN  V. FENWAY COMMUNITY HEALTH CENTER, INC. INFORMED CONSENT

178.    The Plaintiff, Dara Hagopian, hereby restates and incorporates by reference Paragraphs 1 through 177 of this Complaint.

179.    On or about July and August, 2017 average qualified members of the medical profession knew or should have known the risks, potential consequences and alternatives to the defendant, Fenway Community Health Center, Inc., through its agents, servants and employee's

choice of treatment of the Plaintiff, Dara Hagopian.

180.    On or about July 31, 2017, the defendant, Fenway Community Health Center, Inc., through their agents, servants and employees, knew or should have known the risks, potential consequences and alternatives to the defendant's choice of treatment of the Plaintiff, Dara Hagopian.

181.    On or about July 31, 2017, the defendant, Fenway Community Health Center, Inc., through its agents, servants and employees, failed to inform the Plaintiff, Dara Hagopian, of the risks, potential consequences and alternatives to the defendant's choice of treatment of her.

182.    If the defendant, Fenway Community Health Center, Inc., by its agents, servants and employees, had informed the Plaintiff, Dara Hagopian, of the risks, potential consequences and alternatives to the defendant's choice of treatment of her, neither Dara Hagopian, nor a reasonable person in her position would have elected the defendant's choice of treatment.

183.    On or about July 31, 2017 and thereafter the defendant, Fenway Community Health Center, Inc., by its agents, servants and employees, failed to inform the Plaintiff, Dara Hagopian, of the surgical complication caused during the procedure of July 29, 2017 wherein an iatrogenic injury was caused during the laparoscopic procedure and further failed to inform her of both the fact that this was the likely cause of her condition and of the potential risks and consequences associated with the surgical complication and the defendant's proposed plan of treatment.

184.    The risks, potential consequences and alternatives to the defendant's choice of treatment of the Plaintiff, Dara Hagopian, including the option to consult with specialists within the field, were material to a decision by her, and a reasonable person in her position, as to whether to undergo the defendant's choice of treatment.

185.    As a direct and proximate result of the defendant, Fenway Community Health Center, Inc.'s failure to inform the Plaintiff, Dara Hagopian, of the aforementioned information, as

well as the alternatives to and risks and potential consequences of the defendant's treatment, the Plaintiff was caused to sustain severe and permanent personal injuries; has incurred and will continue to incur great medical expense for her medical, surgical, and hospital care and treatment; has suffered and will continue to suffer great pain of body and anguish of mind; and her ability to enjoy life has been permanently adversely affected; all to her great detriment and loss.

WHEREFORE, the Plaintiff demands judgment against the defendant, Fenway Community Health Center, Inc., for the aforementioned personal injuries, together with costs.

## COUNT XXXVIII.  DARA HAGOPIAN V. FENWAY COMMUNITY HEALTH CENTER, INC.
### EMOTIONAL DISTRESS

186. The Plaintiff, Dara Hagopian, hereby restates and incorporates by reference Paragraphs 1 through 185 of this Complaint.

187. As a result of the negligence and failure to provide informed consent of the defendant, Fenway Community Health Center, Inc., the Plaintiff, Dara Hagopian, suffered and will continue to suffer severe emotional distress resulting in substantial physical injury, all to her great detriment.

WHEREFORE, the Plaintiff demands judgment against the defendant, Fenway Community Health Center, Inc., for the aforementioned personal injuries, together with costs.

## COUNT XXXIX.  RANALL HAGOPIAN V. FENWAY COMMUNITY HEALTH CENTER, INC.
### EMOTIONAL DISTRESS

188. The Plaintiff, Randall Hagopian, hereby restates and incorporates by reference Paragraphs 1 through 187 of this Complaint.

189. As a result of the negligence and failure to provide informed consent of the

defendant, Fenway Community Health Center, Inc., herein, the Plaintiff, Randall Hagopian, the husband of Dara Hagopian, suffered and will continue to suffer severe emotional distress resulting in substantial physical injury, all to his great detriment.

WHEREFORE, the Plaintiff demands judgment against the defendant, Fenway Community Health Center, Inc., for the aforementioned personal injuries, together with costs.

## COUNT XL.  RANDALL HAGOPIAN V.  FENWAY COMMUNITY HEALTH CENTER, INC. LOSS OF CONSORTIUM

190.    The Plaintiff, Randall Hagopian, hereby restates and incorporates by reference Paragraphs 1 through 189 of this Complaint.

191.    The Plaintiff, Randall Hagopian, is the husband of Dara Hagopian, and the person entitled by marriage to the benefit of her full society, companionship and consortium.

192.    As a result of the negligence and failure to provide informed consent of the defendant, Fenway Community Health Center, Inc., herein, the Plaintiff, Randall Hagopian, was deprived of and suffered the loss of the society, companionship and consortium of his wife, Dara Hagopian, all to his great detriment.

WHEREFORE, the Plaintiff demands judgment against the defendant, Fenway Community Health Center, Inc., for the aforementioned personal injuries, together costs.

## COUNT XLI. DARA HAGOPIAN V. UNITED STATES OF AMERICA NEGLIGENCE

193.    The plaintiff, Dara Hagopian, hereby restates and incorporates by reference Paragraphs 1 through 192 of this Complaint.

194.    On or about July 31, 2017, the defendant, United States of America, through its agents, servants and employees, including but not limited to Rebekah  Viloria, M.D., owed a duty of care to

the Plaintiff, Dara Hagopian, as their patient, and were negligent and careless in that they failed, through their agents, servants and employees to use and exercise that degree of medical skill and care and failed, through their agents, servants and employees to perform those acts which a qualified physician properly practicing medicine at the time and under the circumstances, would have and should have rendered.

195.   The negligence of the defendant, United States of America, through their agents, servants and employees caused or was a substantial factor in causing severe and permanent damage to the Plaintiff, Dara Hagopian.

196.   As a further result of the negligence of the defendant, United States of America, through their agents, servants and employees, the Plaintiff, Dara Hagopian, suffered severe and permanent personal injuries including but not limited to a significant delay in the recognition, diagnosis and treatment of an iatrogenic laparoscopic injury to the bowel which caused a medically significant delay in appropriate assessment, diagnosis, intervention and treatment causing catastrophic internal injuries; severe scarring; the need for multiple and extensive life-saving medical interventions and surgical treatments; the development of further medical complications related to and as a result of the delay in timely and appropriate diagnosis and treatment; a prolonged hospitalization and recovery including rehabilitative care and treatment; suffered and continues to suffer great physical pain and mental anguish; was deprived of her ability to enjoy and engage in many activities of daily living; loss of earnings; and was deprived of the joys of normal life which she continues to suffer at present and will for the rest of her life, all to her great detriment and loss..

197.   As a further result of the negligence of the defendant, United States of America, the Plaintiff, Dara Hagopian, was obligated to expend various and diverse sums of money for medicine, medical, hospital and rehabilitative care and treatment in an attempt to lessen the ills and injuries she

suffered, all to her great detriment and loss.

WHEREFORE, the Plaintiff demands judgment against the defendant, United States of America, for the aforementioned personal injuries, together with costs.

## COUNT XLII.  DARA HAGOPIAN  V. UNITED STATES OF AMERICA
## INFORMED CONSENT

198.     The Plaintiff, Dara Hagopian, hereby restates and incorporates by reference Paragraphs 1 through 197 of this Complaint.

199.     On or about July and August, 2017 average qualified members of the medical profession knew or should have known the risks, potential consequences and alternatives to the defendant, United States of America, through its agents, servants and employee's choice of treatment of the Plaintiff, Dara Hagopian.

200.     On or about July 31, 2017, the defendant, United States of America, through their agents, servants and employees, knew or should have known the risks, potential consequences and alternatives to the defendant's choice of treatment of the Plaintiff, Dara Hagopian.

201.     On or about July 31, 2017, the defendant, United States of America, through its agents, servants and employees, failed to inform the Plaintiff, Dara Hagopian, of the risks, potential consequences and alternatives to the defendant's choice of treatment of her.

202.     If the defendant, United States of America, by its agents, servants and employees, had informed the Plaintiff, Dara Hagopian, of the risks, potential consequences and alternatives to the defendant's choice of treatment of her, neither Dara Hagopian, nor a reasonable person in her position would have elected the defendant's choice of treatment.

203.     On or about July 31, 2017 and thereafter the defendant, United States of America, by its agents, servants and employees, failed to inform the Plaintiff, Dara Hagopian, of the surgical

complication caused during the procedure of July 29, 2017 wherein an iatrogenic injury was caused during the laparoscopic procedure and further failed to inform her of both the fact that this was the likely cause of her condition and of the potential risks and consequences associated with the surgical complication and the defendant's proposed plan of treatment.

204.     The risks, potential consequences and alternatives to the defendant's choice of treatment of the Plaintiff, Dara Hagopian, including the option to consult with specialists within the field, were material to a decision by her, and a reasonable person in her position, as to whether to undergo the defendant's choice of treatment.

205.     As a direct and proximate result of the defendant, United States of America's failure to inform the Plaintiff, Dara Hagopian, of the aforementioned information, as well as the alternatives to and risks and potential consequences of the defendant's treatment, the Plaintiff was caused to sustain severe and permanent personal injuries; has incurred and will continue to incur great medical expense for her medical, surgical, and hospital care and treatment; has suffered and will continue to suffer great pain of body and anguish of mind; and her ability to enjoy life has been permanently adversely affected; all to her great detriment and loss.

WHEREFORE, the Plaintiff demands judgment against the defendant, United States of America, for the aforementioned personal injuries, together with costs.

## COUNT XLIII.  DARA HAGOPIAN V. UNITED STATES OF AMERICA
## EMOTIONAL DISTRESS

206.     The Plaintiff, Dara Hagopian, hereby restates and incorporates by reference Paragraphs 1 through 205 of this Complaint.

207.     As a result of the negligence and failure to provide informed consent of the defendant, United States of America, the Plaintiff, Dara Hagopian, suffered and will continue to suffer

severe emotional distress resulting in substantial physical injury, all to her great detriment.

WHEREFORE, the Plaintiff demands judgment against the defendant, United States of America, for the aforementioned personal injuries, together with costs.

## COUNT XLIV.  RANALL HAGOPIAN V. FENWAY COMMUNITY HEALTH CENTER, INC. EMOTIONAL DISTRESS

208.    The Plaintiff, Randall Hagopian, hereby restates and incorporates by reference Paragraphs 1 through 207 of this Complaint.

209.    As a result of the negligence and failure to provide informed consent of the defendant, United States of America, herein, the Plaintiff, Randall Hagopian, the husband of Dara Hagopian, suffered and will continue to suffer severe emotional distress resulting in substantial physical injury, all to his great detriment.

WHEREFORE, the Plaintiff demands judgment against the defendant, United States of America, for the aforementioned personal injuries, together with costs.

## COUNT XLV.  RANDALL HAGOPIAN V.  UNITED STATES OF AMERICA LOSS OF CONSORTIUM

210.    The Plaintiff, Randall Hagopian, hereby restates and incorporates by reference Paragraphs 1 through 209 of this Complaint.

211.    The Plaintiff, Randall Hagopian, is the husband of Dara Hagopian, and the person entitled by marriage to the benefit of her full society, companionship and consortium.

212.    As a result of the negligence and failure to provide informed consent of the defendant, United States of America, herein, the Plaintiff, Randall Hagopian, was deprived of and suffered the loss of the society, companionship and consortium of his wife, Dara Hagopian,

all to his great detriment.

WHEREFORE, the Plaintiff demands judgment against the defendant, United States of America, for the aforementioned personal injuries, together costs.

Respectfully submitted,
The plaintiffs,
By their attorney,

WENDY BETH KAHN
BBO#: 554899
KILEY LAW GROUP, L.L.C.
342 North Main Street
Andover, MA 01810
(978) 474-8670
(978) 474-8946 Fax
wkahn@tomkileylaw.com